```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :
PATRICK PACELLI,                                    :
                                                    :
                            Plaintiff,              :
                                                    :           25-CV-8700 (JMF)
            -v-                                     :
                                                    :                 ORDER
NR WEST 56TH STREET LLC et al,                      :
                                                    :
                            Defendants.             :
                                                    :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On October 21, 2025, Plaintiff filed a Complaint in which he invoked the Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. *See* ECF No. 1, ¶ 6. Although Plaintiff states that he "is diverse from all Defendants," *id.* ¶ 6, his Complaint suffers from two deficiencies. *See, e.g.*, *Davis v. Cannick*, No. 14-CV-7571 (SJF) (SIL), 2015 WL 1954491, at *2 (E.D.N.Y. Apr. 29, 2015) ("[A] conclusory allegation in the Complaint regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists." (internal quotation marks omitted)).

First, Plaintiff merely alleges the parties' states of residence, not their states of citizenship. ECF No. 1, ¶¶ 1, 4-5. This is not enough. For the purposes of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship." *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996); *see also, e.g.*, *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . . .").

Second, Plaintiff fails to allege the citizenship of the Defendant limited liability companies ("LLC") based on their membership. ECF No. 1, ¶¶ 2-3. It is well established that an LLC is deemed to be a citizen of each state of which its members are citizens. *See, e.g., Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at 51-52; *see also, e.g., In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010). In the present case, the Complaint fails to do so. In addition, it alleges only the business addresses of the Defendant LLCs rather than their states of citizenship, as required for diversity jurisdiction. *See, e.g., Leveraged*, 87 F.3d at 47 (holding that a complaint that fails to plead citizenship of relevant parties does not properly assert diversity jurisdiction).

Accordingly, no later than **October 30, 2025**, Plaintiff shall file an amended complaint properly alleging the citizenship of each party to this action, including the citizenship of each constituent person or entity comprising the Defendant LLCs as well as the citizenship of all individual parties. If, by that date, Plaintiff does not file an amended complaint establishing this Court's subject-matter jurisdiction, the Court will dismiss the case without prejudice and without further notice to any party.

SO ORDERED.

Dated: October 23, 2025
New York, New York

_____
JESSE M. FURMAN
United States District Judge