# Lila Ayers, Esq.
## 8 East Prospect Avenue, Suite A1
## Mount Vernon, NY 10550
## (914) 699-5220
## lilaayerslaw@aol.com

March 16, 2026

Via ECF
Hon. Jesse M. Furman, U.S.D.J.
United States District Court -- Southern District of New York

**Re.     Pacelli v. NR West 56th Street LLC et al, 1: 25-CV-08700-JMF**

Dear Judge Furman:

Defendants submit the following in further support of their motion for a stay of discovery pending disposition of their motion for summary judgment, in particular this is a reply to plaintiff's letter of 03/13/2026 (Doc. 43), styled as a memorandum of law.

Plaintiff's main argument in opposition, Plaint. Mem of Law, p. 2, to the motion for a stay is as follows:

> Plaintiff would be prejudiced by a stay on Defendants' written discovery because it would preclude Plaintiff from using Defendants' responses in a potential surreply. Additionally, without such responses, Plaintiff will be precluded from information that would be material to determine whether Plaintiff should move this Court for leave to file a surreply.

First, Rule 4(C) of your Honor's Individual Rules of Practice in Civil Cases states: "Sur-reply memoranda will not be accepted without prior permission of the Court." Thus, a reasonable litigant can conclude that surreplies are not considered essential elements of motion practice that require advance preparation through discovery. The discretionary nature of surreplies undermines any argument that discovery is necessary to prepare for them. Since courts may deny leave to file a surreply regardless of the substantive arguments presented, conducting discovery in anticipation of a potential surreply represents precisely the type of speculative preparation that lacks the concrete justification courts require.

Discovery needed for a speculative surreply does not qualify as immediately necessary or targeted discovery. Regarding prejudice to the non-moving party, courts require concrete demonstration of prejudice. *Khan v. New York City*, 757 F.Supp.3d 327, 336-37 (E.D.N.Y. 2024). Recent decisions have found prejudice where plaintiffs face reputation damage, career impacts, or specific time-sensitive concerns. *Ibid.* A potential inability to file a surreply that may never be permitted does not constitute the type of concrete prejudice that courts recognize as sufficient to deny discovery stays.

**Hon. Jesse M. Furman**                    -2-                    **March 16, 2026**

As far as plaintiff's arguments about "optical confusion" and related discussion of the merits of the motion for summary, defendants agree with the Court in *Short v. City of Rochester*, 747 F.Supp.3d 594, 599 (W.D.N.Y. 2024) that an in-depth discussion at this stage of the merits of the motion for summary judgment "represents an unnecessary and unjustified duplication of efforts."

Although not relevant to the issue at hand, plaintiff seems to imply that defendants were engaged in some form of deceptive/sharp practice in filing the motion.  Yes, we filed our motion on March 2, 2026 two days before scheduled mediation.  Plaintiff neglects to mention that on the Friday before the mediation date, February 27, 2026, we requested a short adjournment of the mediation, because my clients, truthfully, were unavailable.  The next day, I was informed by my clients about the video and worked that weekend to submit defendants' motion for summary judgment, as quickly as possible.

In light of the above, defendants respectfully request that this Court grant their motion for a stay of discovery pending final disposition of their motion for summary judgment.

Very truly yours,

*Lila Ayers*

Lila Ayers, Esq.

cc:     Jeremy Virgil, Esq.  (via ECF)
        Kyle D Souza, Esq.  (via ECF)

Plaintiff fails to identify any prejudice that granting a stay would cause given that sur-replies are disfavored.  In light of that, and the limited discovery that the Court allowed to enable Plaintiff to respond to the motion for summary judgment, the Court concludes that a stay of discovery pending a ruling on the pending summary judgment motion makes sense.  Accordingly, the stay is granted.  If the motion for summary judgment is denied, the stay will automatically be lifted; in that instance, the parties shall confer and file a joint letter within one week of the Court's ruling on the motion proposing new discovery deadlines.

The Clerk of Court is directed to terminate ECF No. 42.

SO ORDERED.

March 17, 2026